## Laboratory Employes Guild v. Trustees of the University of Pennsylvania

*Harry Lore,* for plaintiff.

*Hayward H. Coburn* and *J. Freedley Hunsicker, Jr.,* for defendants.

CODY, J., October 22, 1971.—Plaintiff has appealed from this court's order sustaining defendants' preliminary objections to plaintiff's complaint in equity and dismissing the complaint. The preliminary objections included a demurrer on the ground that plaintiff's complaint fails to state a cause of action and raised the question of this court's jurisdiction of the subject matter. On both grounds, we were convinced that the objections of defendants were valid.

The complaint avers that plaintiff is an employe organization formed to represent certain employes of the Pepper Laboratory of the Hospital of the University of Pennsylvania and that their employment is within the purview of the Public Employe Relations Act of July 23, 1970, P. L. 563, 43 PS § 1101.101, et seq. Attached as an exhibit to the complaint is an "Intramural Memorandum" dated June 30, 1971, announcing changes to be made in the working hours and pay

rates of laboratory employes, specifically in connection with the function of venipuncture, or the drawing of blood samples from patients. These changes are alleged to be a departure from existing practice and in violation of an oral agreement between employes and employer.

The complaint seeks injunctive relief prohibiting defendants from changing the hitherto existing blood drawing or venipuncture program, from requiring that such functions be performed by employes who are unwilling to do so, from failing to pay to those who do perform this task an extra $7.50 per day which they have been receiving, and specifically from effectuating section 3 of the intramural memorandum above mentioned. This section reads as follows:

"3. *Blood Drawing.*

"A - Effective August 2, 1971, the separate rate of $7.50 will no longer be paid for blood drawing.

"B - The blood specimen drawing function will become a part of the normal laboratory routine during scheduled daily working hours.

"C - A divisional pool of eligible personnel will be constructed and each division will provide a daily quota of people as members of the morning blood drawing team."

As we view plaintiff's complaint, it sets forth, at the most, an allegation of unfair labor practice over which the Public Employe Relations Act gives exclusive jurisdiction to the Pennsylvania Labor Relations Board. Nor do we find anything in the above-quoted section 3, or in any other portion of the intramural memorandum, to warrant plaintiff's allegations that the implementing of this memorandum will result in compelling the performance of venipuncture by unqualified personnel and thus endanger the health and safety of patients. To the contrary, subsection 3-

C clearly states that "a divisional pool of eligible personnel will be constructed."

For these reasons, we concluded that this court was without jurisdiction of the subject matter and that plaintiff has failed to state a cause of action. We therefore found it unnecessary to pass upon defendants' objections of improper joinder of individual defendants and that plaintiff is without standing to bring the action.